IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:15CR-83 |
| | ) | |
| | ) | |
| DYLAN ALLEN JEFFRIES | ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING

Defendant Dylan Jeffries, by counsel, respectfully submits to the Court that an appropriate sentence for Defendant in the above-styled matter would be the mandatory minimum sentence of 120 months of incarceration. Defendant submits that a period of incarceration this lengthy is more than sufficient to accomplish the goals set forth in 18 U.S.C. §3553(a).

### Objection to the Presentence Report

Defendant objects to the 8-level enhancement contained in paragraph 30 of the presentence report (PSR) prepared in the above styled matter. Defendant did not trigger an enhancement pursuant to USSG §2G1.3(b)(5) because the victim had already attained the age of 12 years. For the following reasons the Defendant contends that the government's evidence if presented at sentencing will not bear sufficient indicia of reliability to support its probable accuracy:

1. No physical evidence exists to support the claim that Defendant exchanged improper pictures with Jane Doe 1 when she was 10 or 11. Despite the execution of a search

warrant on Defendant's computers and hard-drives, no evidence was produced. Nor did Jane Doe 1 produce any physical evidence to corroborate the allegation.

2. Evidence obtained from Facebook shows that Jane Doe 1 (JD1) and Defendant engaged in sexual communications in early 2014 when JD1 was already 12.

3. The evidence seized in this case does not support the assertion that Defendant engaged with minors under the age of 12 years. In fact the images possessed by Defendant were mostly clothed girls appearing to be at least 16 or 17 years of age.

4. The context of the conversations between JD1 and Defendant in early 2014 corroborates the assertion that the two did not know each other well and that these conversations and exchanges were the first type of improper conduct engaged in by Defendant toward JD1, specifically:

**A.** On July 5, 2014 JD1 added Defendant as a friend on Facebook and proceeded to engage him in conversation. A relevant portion of the conversation is contained on Page 16, paragraph 86 of the PSR, which corroborates the position of the Defendant pursuant to this enhancement. The Facebook message illustrates that Defendant did not seek out JD1 and was even curious why a 12 year old would be "stalking" his Facebook page. To which JD1 replied that she was 12 and likes to play tricks on older boys who believe her to be much older. The conversations evolved over a period of weeks to a point at which they were sexual in nature. However, they did not originate as such which would tend to controvert the allegation that Defendant had previously sent or received sexual images with/from JD1. In addition, after JD1 tells Defendant that she likes to make boys think she's older, Defendant says, "Gotta make sure I watch what I say" to which JD1 asks

why and Defendant responds, "Cause I'll get in trouble lmao".  The context of these conversations does not include any references to prior sexual dealings or flirting. None of the conversations that they had include any references to prior sexual conduct of any kind.

**B.** On July 15, 2014, Defendant and JD1 have a conversation on Facebook, which is the beginning of the inappropriate conversations in which Defendant tells JD1 that his mind is in the gutter. JD1 responds with "say anything you want IDC I wont tell anybody". Later on in that same conversation Defendant and JD1 try to figure out how they are related to see if "dirty" conversations would be appropriate.

In order to enhance Defendant under this provision the Government must prove that JD1 was under the age of 12 by a preponderance of the evidence. If the government chooses hearsay to make their case to the court then it must be sufficiently reliable hearsay. Based on the above factors and arguments made above by Defendant the enhancement pursuant to USSG §2G1.3(b)(5) should be removed and the total offense level reduced from 36 to 28. Defendant being a Criminal History Category of I, his guideline range should be reduced to: 78 - 97 months.

**Argument**

18 U.S.C. Section 3553 (a)'s overarching mandate directs that a "court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in" Section 3553 (a)(2). Defendant respectfully submits that a 120-month sentence is sufficient but not greater than necessary in this case. In its determination, the

Court shall consider certain factors under Section 3553, including, but not limited to, the following:

**A. Nature and Circumstances of the Offense**

Defendant has accepted full responsibility for his role in the offense. Defendant did not obstruct justice and has agreed to all the conditions that will apply to him upon his release from incarceration.

**B. History and Characteristics of Defendant**

Defendant has had one minor contact with the criminal justice system in his life. At the age of 19 he successfully completed the first offender program related to a marijuana arrest in Alleghany County and that charge was dismissed. This current criminal activity should come as a surprise given the fact that every member of Defendant's family has led productive lives and have remained law abiding. Defendant has otherwise been a constructive member of society as well, in that he graduated from high school, obtained a certification in Computer Systems Technology, and thereafter attended college until his arrest on this matter. Defendant has an impressive work history, which is reflected in the PSR, as he began working as a grocery bagger at Kroger's at the age of 16.  Defendant has stated that he engaged in this criminal activity but had the self-awareness to seek help from a psychotherapist prior to his arrest. Defendant has expressed remorse about his choices to engage in criminal conduct and wants to go on to live a productive life.

**C. Other Factors (Notably, Just Punishment)**

Defendant was enhanced pursuant to USSG §2G1.3(b)(5). However, information used in the PSR to support this enhancement is insufficient because it lacks indicia of

reliability. Without the enhancement, Defendant's guidelines call for a sentence between 78 and 97 months, which is a great contrast to the mandated sentence of 120 months. Though Defendant's conduct was egregious he did not engage in a sexual act with JD1. Defendant was fantasizing about such activity but did not act upon it. Defendant humbly requests that the Court use Defendant's mandatory minimum and fashion a sentence at 120 months. Defendant submits that this sentence is appropriate given that 1) Defendant agreed to plead guilty shortly after being taken into federal custody; 2) Defendant has accepted full responsibility for his crimes; 3) Defendant has saved this Court's time and resources by pleading guilty; and 4) Defendant was raised in an environment in which criminality was not the norm and his family will offer a great deal of support upon his release.

## Conclusion

WHEREFORE, for the reasons stated above, Defendant Dylan Allen Jeffries, by counsel, humbly requests the Court to fashion a sentence for Defendant at 120 months in prison. Such a term would be sufficient, but not greater than necessary, to accomplish the goals set forth in 18 U.S.C. § 3553(a).

Respectfully Submitted,

Dylan Allen Jeffries

By: _____/S/_____

Chad G. Dorsk
Virginia State Bar No. 74499
Counsel for Dylan Allen Jeffries
500 East Plume Street
Suite 220
Norfolk, VA 23510
Phone: (757) 423-0271
Fax: (757) 423-0272

Email: cdorsk@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Kaitlin Gratton
Assistant U.S. Attorney
Fountain Plaza Three, Suite 300
721 Lakefront Commons

Newport News, VA 23606
Telephone: (757) 591-4000

And I also hereby certify that I have emailed this document to the following non-filing user:

Carmen Perez
U.S. Probation Officer
600 Granby St.
Suite 200
Norfolk, VA 23510

_____/S/_____
Chad G. Dorsk
Virginia State Bar No. 74499
Counsel for Dylan Allen Jeffries
500 East Plume Street
Suite 220
Norfolk, VA 23510
Phone: (757) 423-0271
Fax: (757) 423-0272
Email: cdorsk@gmail.com