IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 4:15cr83 |
| ) | |
| DYLAN ALLEN JEFFRIES, ) | |
| ) | |
| Defendant. ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Kaitlin C. Gratton, Assistant United States Attorney, hereby offers this Position with Respect to Sentencing. In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding sentencing, the United States represents that it has reviewed the PSR and its addenda and does not dispute any of the sentencing factors or facts set out therein.

For the reasons to follow, as well as those to be more fully articulated at the sentencing hearing on May 10, 2016, the United States respectfully requests that the Court sentence the defendant within the advisory guideline range of 188-235 months on Count Three. Such a sentence properly reflects the factors referenced in 18 U.S.C. § 3553(a).

BACKGROUND

As the detailed PSR and revealed in the Statement of Facts, beginning in or about 2013, the defendant repeatedly engaged in graphic online communications with at least two minor girls—Jane Does 1 and 2. With respect to Jane Doe 1, the defendant's twelve-year-old relative, the defendant repeatedly described via Facebook private messages proposed sexual encounters between the two, including genital-genital and oral-genital sexual intercourse. Two of these

exchanges are detailed in Paragraphs 8 and 9 of the Statement of Facts. In addition to these proposals, the defendant asked Jane Doe 1 to send him nude photographs and videos of herself engaging in sexual activity, including a video of herself masturbating. Immediately after requesting this video, the defendant sent Jane Doe 1 a photograph of himself holding his exposed, erect penis. The defendant knew that Jane Doe 1 was twelve years old at the time he proposed sexual encounters with her and requested pornographic images of her. When interviewed, Jane Doe 1 reported that the defendant liked her in a sexual way, talked sexually with her on Facebook, and wanted to have sex with her. She stated that the defendant had asked her to send him images of her private areas and that, in 2013, when she was ten or eleven years old, she had sent the defendant two or three "inappropriate" pictures of her unclothed vagina. Jane Doe 1 reported that during that same period, the defendant had sent her more than two images of his penis, including one that showed his face. Jane Doe 1 distinguished these images from the one Jeffries sent in March 2015, described in Paragraph 5 of the Statement of Facts. Jane Doe 1 denied that anything physical ever happened between her and the defendant. Their Facebook messages reveal an exchange in which Jeffries expressed frustration at his inability to engage in sexual activity with Jane Doe 1 during a visit.

A search of the defendant's bedroom recovered an external hard disk drive containing several folders labeled with different female names. In each were images and, in at least one, videos, of different girls in various stages of undress and engaged in various sexual acts. At least two of the girls depicted appeared to be minors. During the search, the defendant agreed to speak with agents. Although he initially denied engaging in online communications with underage girls, the defendant later acknowledged speaking with Jane Does 1 and 2. The defendant also acknowledged possessing the external hard drive. He identified each of the girls

depicted and described the circumstances under which he had received the pornographic images and videos of them, including through Facebook and email messages. The defendant stated that he had filmed the pornographic videos, which depicted sexual acts between him and his ex-girlfriend. The defendant acknowledged that the girls depicted on the external hard drive were seventeen years old and younger at the time the images and videos were created. Forensic examination of the external hard drive identified twenty-two (22) images and three (3) videos depicting child pornography. These dated back to at least 2010.

On November 16, 2015, a federal grand jury sitting in Newport News, Virginia returned a three-count indictment charging the defendant with Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a) and (e), and two counts of Coercion or Enticement, in violation of Title 18, United States Code, Section 2422(b). On January 27, 2016, this Court entered an order authorizing a U.S. Magistrate Judge to conduct guilty plea proceedings in this case. On February 8, 2016, the defendant appeared before The Honorable Robert J. Krask and pleaded guilty to Count Three of the indictment, which charged him with Coercion or Enticement, in violation of Title 18, United States Code, Sections 2422(b). The Court accepted the defendant's plea and the matter was continued for sentencing.

The defendant currently faces an advisory range of **188-235 months** on Count Three, which carries a statutory penalty of not less than ten years and not more than life imprisonment. The PSR provides enhancements for the defendant's use of a computer to commit his offenses and for an offense involving a minor who had not yet attained the age of 12 years. The defendant does appear to have accepted responsibility for his offenses and has entered a timely guilty plea, thus, sparing the United States the burden of preparing for trial.

DISCUSSION

I. Sentencing Guidelines

As noted in the addendum to the PSR, there is one unresolved objection to the calculation of the defendant's advisory guideline range. The defendant objects to the application of the eight-level enhancement under U.S.S.G. § 2G1.3(b)(5) for an offense involving a minor who had not attained the age of 12 years.

To the extent the defendant, in raising this objection, disputes facts set forth in the PSR, "[t]he defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and [to] articulate the reasons why the facts contained therein are untrue or inaccurate," so long as that information has sufficient indicia of reliability to support its probable accuracy. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (citing *United States v. Mueller*, 902 F.2d 336, 346 (5th Cir. 1990) (finding that the defendant presented no evidence in rebuttal to the PSR)); *see also United States v. Randall*, 171 F.3d 195, 211 (4th Cir. 1990); U.S.S.G. § 6A1.3 (commentary). Without an affirmative showing that the PSR is inaccurate, the Court is "free to adopt the findings of the [presentence report] without more specific inquiry or explanation." *Terry*, 916 F.2d at 162 (quoting *Mueller*, 902 F.2d at 346). The burden is on the defendant to establish inaccuracy or unreliability. The government bears the burden of showing that a sentencing enhancement applies to undisputed facts by a preponderance of the evidence. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013).

Section 2G1.3(b)(5) provides for an eight-level enhancement if "subsection (a)(3) or (a)(4)" of the same guideline applies and "the offense involved a minor who had not attained the age of 12 years." Section 2G1.3(a)(3) sets forth a base offense level of 28 for a defendant convicted under Title 18, United States Code, Section 2422(b) and applies in this case.

The term "offense" is defined as "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1, app. n.1(H). Relevant conduct under § 1B1.3 includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation of that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). It also includes acts or omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction" for those offenses that require grouping of multiple counts pursuant to § 3D1.2(d)." U.S.S.G. § 1B1.3(a)(2). Section 3D1.2(d) provides for the grouping of multiple counts of offenses, even those not listed in that section, if, among other things, "the offense level is determined on the basis . . . of some . . . measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior." For subsections not listed in § 3D1.2(d), such as § 2G1.3, "a case-by-case determination must be made based on the facts of the case and the applicable guidelines (including specific offense characteristics and other adjustments) used to determine the offense level." U.S.S.G. § 3D1.2(d). Application Note 6 of § 2G1.3 prohibits grouping of multiple counts under § 3D1.2(d) only for counts "involving more than one minor." The commentary to § 3D1.2(d) provides that grouping is appropriate for offenses "of the same general type" that "otherwise meet the criteria for grouping under this subsection." It directs that the phrase "'same general type' of offense is to be construed broadly." U.S.S.G. § 3D1.2, app. n.6. If grouping is required under § 3D1.2(d), then relevant conduct includes acts or omissions that were part of the same course of conduct or a common scheme or plan.

Acts and omissions are part of the same course of conduct "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." U.S.S.G. § 1B1.3, app. n.5(B)(ii). When considering whether offenses are sufficiently connected or related, the Court is to consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* If one of those factors is absent, "a stronger presence of at least one of the other factors is required." *Id.* "For example, where the conduct alleged to be relevant is relatively remote to the offense of conviction, a stronger showing of similarity or regularity is necessary to compensate for the absence of temporal proximity." *Id.* "The nature of the offenses may also be a relevant consideration." *Id.* Two or more offenses may "constitute part of a common scheme or plan" if they are "substantially connected to each other by at least one common factors, such as common victims, common accomplices, common purposes, or similar *modus operandi*." U.S.S.G. § 1B1.3, app. n.5(B)(i).

Here, the enhancement at issue is based on the defendant's 2013 communications with Jane Doe 1, as reflected in Paragraphs 14 and 15 of the PSR and the new information included in the addendum to the PSR. As reported by Jane Doe 1, during that period, the defendant communicated with her via Facebook, sending her images of his penis and receiving two or three pictures of her nude vagina. Jane Doe 1 was ten or eleven years old at the time of these communications. The communications are of the "same general type" as the more recent communications in which the defendant proposed sexual encounters with Jane Doe 1 and requested images and videos of her engaged in sexually explicit conduct. The offense of conviction is coercion or enticement of a minor, which prohibits any person from knowingly persuading, inducing, enticing, or coercing (or attempting any of the same) any individual under

6

the age of 18 to engage in any sexual activity for which any person could be charged with a criminal offense. 18 U.S.C. § 2422(b). The same definition of prohibited sexual conduct is incorporated in the commentary of the applicable guideline provision. U.S.S.G. § 2G1.3, app. n.1 (citing U.S.S.G. § 2A3.1, app. n.1). The guideline definition specifically includes production (but not trafficking or possession) of child pornography. *Id.* Production and receipt of child pornography also satisfy § 2422(b)'s statutory definition of prohibited sexual activity. Because the earlier communications are factually similar and involved the same victim, the government submits that they are of the "same general type" as the offenses of conviction and would, therefore, properly be grouped under § 3D1.2(d). For the same reasons, the earlier communications with Jane Doe 1 are part of a common scheme or course of conduct. The conduct involved the same victim, the same *modus operandi*, and the same criminal purpose. In short, it is practically identical to the offense of conviction.

     The July 2014 Facebook messages between Jane Doe 1 and the defendant do not undercut this conclusion. As reflected in the addendum to the PSR, on July 5, 2014, the defendant asked Jane Doe 1 how she was doing and how her father and his own father were doing. He feigns surprise that she remembers who he is and asks how hold she is. Jane Doe 1 tells him that she is twelve years old and will turn thirteen in April of the following year. Although the exchange does suggest that some time had passed since the 2013 communications that Jane Doe 1 reported, it is clear from this exchange that the two already knew one another. Additionally, in her report, Jane Doe 1 distinguished these earlier communications from those occurring in 2015 (described in the Statement of Facts), reporting multiple times that the communications occurred when she was ten or eleven years old, in or about 2013. Accordingly,

the government submits that the eight-level enhancement under § 2G1.3(b)(5) based on these earlier communications is appropriately applied.

II.     Section 3553(a) Factors

The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the Guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Title 18, United States Code, Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a sentence within the advisory guideline range.

In briefly reviewing the Section 3553(a) factors, the nature and circumstances of the offense are serious and weigh heavily against the defendant. Since at least 2013, the defendant has used Facebook and text messages to sexualize children. In 2015, the defendant repeatedly and graphically described proposed sexual encounters with at least two victims, Jane Does 1 and 2, and solicited at least one victim, Jane Doe 1, to produce images and videos of herself engaging

8

in sexually explicit conduct. When doing so, the defendant transmitted images of his own genitalia in an effort to entice Jane Doe 1 to do the same. And, as reported by Jane Doe 1, the defendant's sexually explicit communications and requests for illicit images dates back to at least 2013, when he sent Jane Doe 1 more than two photographs of his penis and obtained from her two or three photographs of her exposed vagina. Further, when agents searched the defendant's bedroom, they recovered a hard drive with images and videos of other underage girls dating back to 2010—well before his communications with Jane Does 1 and 2. With respect to these images and photos, the defendant stated that he had received the majority of these in exactly the same way that he had received and attempted to receive images from Jane Doe 1—directly from the girls depicted via private Facebook and email messages.

The defendant has one prior conviction at age 19 for possession of marijuana for which he receives one criminal history point. He was raised by both parents, whom he describes as loving. PSR ¶ 53 & 55. The defendant reports "lov[ing]" how he was raised, which he describes as "slow-paced and relaxing." PSR ¶ 55. He credits his parents with instilling good values within him by, for example, reading bible verses after dinner. *Id.* The defendant also benefited from various activities, including school band, basketball, and football. *Id.* He reported no domestic disturbances and enjoys his family's continued support. PSR ¶¶ 53-55. The defendant is currently dating the older sister of a victim in this case. The defendant has suffered from back pains for which he has received adjustments and various medications. PSR ¶ 59. The defendant reports no history of mental or emotional problems, but did apparently seek some psychotherapy or psychological services after learning of the instant investigation. PSR ¶ 61. The defendant's school records reveal a 2008 diagnosis for Adult Attention Deficit Disorder and medication for the same. PSR ¶ 62. The defendant regularly smoked marijuana from the age of 16 until he

became aware of the instant investigation. PSR ¶ 63. He has attended a number of colleges and universities, where he has attempted to complete various degrees. PSR ¶¶ 66-72. The defendant did complete an A.S. in general studies in Spring 2014. PSR ¶ 70. When not in school, the defendant has held various positions of employment. PSR ¶¶ 75-78. Nothing in the defendant's background explains or mitigates his repeated attempts to sexualize underage girls, which, based on the images and videos found on his hard drive, apparently dates back at least five years from his indictment in this matter.

The United States submits that the most important factors to be addressed in this case are the need for the sentence to reflect the seriousness of the offense and the need to protect the public from further crimes of the defendant.

The Fourth Circuit has recognized that, "by forbidding the knowing persuasion, inducement, enticement, or coercion of a minor, [Section 2422(b)] 'criminalizes an intentional attempt to achieve a *mental* state—a minor's assent—regardless of the accused's intentions concerning the actual consummation of sexual activities with the minor.'" *United States v. Fugit*, 703 F.3d 248, 255 (4th Cir. 2012) (quoting *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012)). Indeed, "[t]he primary evil that Congress meant to avert by enacting § 2422(b) was the psychological sexualization of children." *Id.* This is an "evil [that] can surely obtain in situations where the contemplated conduct does not involve interpersonal physical contact." *Id.*

The defendant's conduct is serious. He knowingly, deliberately, and repeatedly sought to sexualize children through his detailed communication of proposed sexual encounters. Indeed, with respect to Jane Doe 1, the defendant not only graphically described proposed sexual encounters between the two, he actively sought to entice her to act on the psychological

sexualization he had achieved—asking her to perform sexual acts, to produce images of herself engaged in those acts, and to transmit those images to him through social media messaging. The external hard drive found in the defendant's bedroom makes clear that Jane Doe 1 is not the first girl he has so enticed. Indeed, the defendant stated that he received many of the images found on that hard drive through Facebook and email communications with other underage girls. The defendant's predatory behavior, targeted at multiple underage and vulnerable girls is very serious and certainly deserving of just punishment.

The defendant's history also evidences a need to protect the public from future offenses. When interviewed by law enforcement, he acknowledged that the images on his hard drive dated back to 2010 and depicted girls seventeen years of age and younger. In 2015, when his conduct was finally reported to authorities, the defendant—then 25 years old—was actively engaged in the sexualization of two girls, ages twelve and thirteen. The sentence that this Court imposes must protect the public from the defendant's future criminal conduct, including further coercion and enticement of children. It must also promote a respect for the law sufficient to dissuade him for further predatory behavior.

## CONCLUSION

A sentence within the advisory guideline range on Count Three adequately reflects the severity of the crimes committed by the defendant, will accomplish needed punishment and deterrence, and will protect the public from future crimes of this defendant. For the reasons stated above, the United States respectfully submits that such a sentence would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

                                          Dana J. Boente  
                                          United States Attorney

By: _____/s/_____  
           Kaitlin C. Gratton  
           Virginia State Bar No. 83935  
           Assistant United States Attorney  
           Attorney for the United States  
           United States Attorney's Office  
           Fountain Plaza Three, Suite 300  
           721 Lakefront Commons  
           Newport, Virginia 23606  
           Phone: (757) 591-4000  
           Fax: (757)591-0866  
           Email: kaitlin.gratton@usdoj.gov

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 3rd day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

    Chad G. Dorsk
    500 E. Plume Street
    Suite 220
    Norfolk, Virginia 23510
    Tel. 757-423-0271
    Email: cdorsk@gmail.com

      I HEREBY CERTIFY that on this 3rd day of May, 2016, I sent a true and correct copy of the foregoing to the following by electronic mail:

    Carmen I. Perez
    United States Probation Officer
    600 Granby Street, Suite 200
    Norfolk, Virginia 23510
    Tel. 757-223-222-7316
    Email: Carmen_I_Perez@vaep.uscourts.gov

                                                        _____/s/_____
                                                        Kaitlin C. Gratton
                                                        Virginia State Bar No. 83935
                                                        Assistant United States Attorney
                                                        Attorneys for the United States
                                                        United States Attorney's Office
                                                        Fountain Plaza Three, Suite 300
                                                        721 Lakefront Commons
                                                        Newport, VA 23606
                                                        Phone: 757-591-4000
                                                        Email: kaitlin.gratton@usdoj.gov