# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Newport News Division

UNITED STATES OF AMERICA

v.

DYLAN ALLEN JEFFRIES

Defendant.

Case Number: 4:15cr83

USM Number: 86901-083

Defendant's Attorney: Chad Dorsk

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 3 of the Indictment.

Accordingly, the defendant is adjudged guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 18, USC Section 2422(b) | Coercion or Enticement | Felony | April 7, 2015 | 3 |

On motion of the United States, the Court has dismissed the remaining counts in the Indictment as to defendant DYLAN ALLEN JEFFRIES.

As pronounced on June 24, 2016, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 24th day of June, 2016.

/s/ *[signature]*

Mark S. Davis
United States District Judge

| | |
|---|---|
| Case Number: | 4:15cr83 |
| Defendant's Name: | JEFFRIES, DYLAN ALLEN |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED TWENTY (120) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

 1) The defendant shall be incarcerated in a facility as close to the Hampton Roads Virginia area as possible.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| Case Number: | 4:15cr83 |
| Defendant's Name: | JEFFRIES, DYLAN ALLEN |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **TEN (10) YEARS**.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| Case Number: | 4:15cr83 |
|---|---|
| Defendant's Name: | JEFFRIES, DYLAN ALLEN |

# SPECIAL CONDITIONS OF SUPERVISION

While on supervised release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, to include a psychosexual evaluation, and sex offender treatment. The costs of these programs are to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding sex offender/mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

2) The defendant shall submit to polygraph testing as directed by the United States Probation Officer as part of the defendant's sex offender therapeutic program. The costs of the testing are to be paid by the defendant, as directed by the probation officer. To the extent he wishes to assert his Fifth Amendment Rights during such testing, he may do so, and that issue may be brought back to the Court to determine whether the defendant should be compelled to respond.

3) The defendant shall not utilize any sex-related adult telephone services, websites, or electronic bulletin boards. The defendant shall submit any records requested by the probation officer to verify compliance with this condition including, but not limited to, credit card bills, telephone bills, and cable/satellite television bills.

4) The defendant shall not have any access to or possess any pornographic material or pictures displaying nudity or any magazines using juvenile models or pictures of juveniles.

5) The defendant shall have no contact with minors unless supervised by a competent, informed adult, approved in advance by the probation officer.

6) The defendant shall not accept any paid or volunteer positions involving children.

7) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall register with the state sex offender registration agency in any state where the defendant resides, works, and attends school, according to federal and state law and as directed by the probation officer.

8) Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of supervision, upon prior notification to and approval by the court or with a warrant.

9) The defendant shall not possess or use a computer to access any online computer services at any location, including employment, without the prior approval of the probation officer. This includes any internet service providers, bulletin board systems, or any other public or private computer network.

10) The defendant shall consent to the use of Wi-Fi detections devices, to allow the probation officer to detect the presence of wireless signals inside or outside of the defendant's residence.

11) The defendant shall comply with the requirements of the computer monitoring program as administered by the Probation Office. The defendant shall consent to installation of computer monitoring software on any computer to which the defendant has access. Installation shall be performed by the probation officer. The software may

| Case Number: | 4:15cr83 |
|---|---|
| Defendant's Name: | JEFFRIES, DYLAN ALLEN |

restrict and/or record any and all activity on the computer, including the capture of keystrokes, application information, internet use history, email correspondence, and chat conversations. A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software. The defendant shall also notify others of the existence of the monitoring software. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent the software. The costs of the monitoring shall be paid by the defendant.

12) During the term of supervision, the defendant shall not possess or utilize any video gaming system, console, or other such device which would enable contact and/or the sharing of data with other individuals known or unknown to the defendant.

13) The defendant shall provide the probation officer access to any requested financial information.

14) If the defendant tests positive for the use of illegal drugs or displays signs of alcohol abuse, the defendant shall participate in a program approved by the United States Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial cost to be paid by the defendant, all as directed by the probation officer.

15) The defendant shall waive all rights of confidentiality regarding substance abuse treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

Case Number: 4:15cr83
Defendant's Name: JEFFRIES, DYLAN ALLEN

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 3 | $100.00 | $0.00 | $0.00 |
| **TOTALS:** | **$100.00** | **$0.00** | **$0.00** |

# FINES

No fines have been imposed in this case.

# FORFEITURE

CONSENT ORDER OF FORFEITURE ENTERED AND FILED ON FEBRUARY 10, 2016.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment shall be due in full immediately.

Any balance remaining unpaid on the special assessment at the inception of supervision, shall be paid by the defendant in installments of not less than $50 per month, until paid in full. Said payments shall commence 60 days after defendant's supervision begins.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.