IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| United States of America | Civil Action - 4:17CV75 |
| vs. | |
| Dylan Allen Jeffries | Criminal Action - 4:15CR83 |

SUPPLEMENTAL PLEADING
TO INITIAL 2255 MOTION

Comes now the Petitioner, Dylan Allen Jeffries acting pro se, and files this Supplemental Pleading to his initial 2255 Motion. Petitioner seeks to incorporate the following into the 2255 Motion.

A. <u>Ground 1</u> - Not Federal Jurisdiction

    1) Communications never crossed state lines.

    2) Claim of Jurisdictional Authority rests on the fact that Facebook was used as the means of communications.

    3) The use of the Internet, on its own, does not establish an Interstate Nexus as the burden of proof falls on showing that state lines were actually crossed.

    4) The clause of "in or affecting commerce" cannot be met as no form of commerce was engaged or interrupted; nor were interstate lines breached.

B. <u>Ground 2</u> - Inneffective Assistance of Council

    1) From the first meeting with attorney Chad Dorsk, on or about the 18th of November, 2015, Petitioner

was supplied with faulty and incorrect information in regards to nearly every aspect of Petitioner's case. Let it be stated that this is Petitioner's first experience with the Federal criminal court system, or any court system.

2) On or about the 18th of November, 2015, before turning himself in to the FBI per a phone call by Agent Call, Petitioner was told by attorney Dorsk that he should be able to get bond "no problem" and that he would only be looking at a 2 or 3 year sentence at the most. At the bond hearing the Prosecutor revealed that all three counts on the indictment carried excessive mandatory minimum sentences, regardless of co-operation from Petitioner.

3) Immediately following the bond hearing, before being transferred to Western Tidewater Regional Jail in Suffolk, Virginia, Dorsk stated to Petitioner that he "knew the Prosecutor and that he would be able to work something out".

4) From that day forward, almost all communication with attorney Dorsk was through Petitioner's father and sister, who had to corner him in order to get a straight-forward answer in regards to any questions. This kept Petitioner from being clear on several issues he had throughout the process.

5) While being detained in Suffolk, having been denied bond, it was expressed to Dorsk that there was information that could be provided to the government in regards to a potential USSG 5K1.1 or Rule 35(b) motion for substantial assistance. Dorsk stated that he would "get language written into the plea agreement to reflect my willingness to co-operate and aid the government".

6) Petitioner requested that Dorsk make the judge aware that the assistance was occuring in case things did not go smoothly. He advised Petitioner against this and ultimately the Prosecutor did not show good faith. The fight for substantial assistance motion is ongoing.

7) The only thing Dorsk was able to gain in the plea negotiations was the common substantial assistance terminology that arises in most plea agreements. Nothing specific to Petitioner was included.

8) Dorsk advised Petitioner "not to worry about the mandatory minimum" and assured that he would get a 50% to 85% reduction after sentencing. He stated that "after sentencing will be my time to shine". Ultimately, this convinced Petitioner to sign the plea agreement.

9) Dorsk ignored a direct request from Petitioner and his family for a psychological evaluation to determine

the likelihood of acting on intent. This eliminated Petitioner's evidence for a "hot air" defense.

10) Dorsk waited until sentencing or about the 24th of June, 2016, to object to a blatantly false enhancement on Petitioner's Pre-Sentence Report despite being told to do so at the PSR investigation itself.

11) Dorsk was told to recommend a sentence below the mandatory minimum of 120 months as Petitioner's Advisory Guideline range was between 87 and 108 months; 12 to 33 months below the mandatory minimum, but Dorsk did not, nor did he submit a motion for downward departure based on the lower Advisory Guideline range per section § 3553 mitigating sentencing factors.

12) Dorsk failed to object to the judge's statement "that Petitioner's Advisory Guideline range is 87 to 108 months, but since the charge carries a mandatory minimum sentence of 120 months, I cannot sentence you below 120 months." Mitigating factors such as being an active college student who was active in charity events through the fraternity Petitioner helped found at Old Dominion University as well as the numerous character witnesses, should have been given more consideration.

13) When presented with the plea agreement, Dorsk

stated that he Prosecutor threatened further charges if Petitioner did not accept the plea. This statement along with many of Dorsk's actions throughout the process coerced Petitioner into signing the plea agreement and convinced him further that it was in his best interest. It wasn't until arriving at FCI Petersburg in Hopewell, Virginia, that Petitioner had access to a law library and learned that the errors were fatal and not in his best interest.

14) After sentencing was concluded, Dorsk advised Petitioner not to appeal as he had waived that right in his plea agreement.

15) Dorsk failed to explain that the statute of Petitioner's charge requires "knowingly" committing the crime as well as having required a "substantial step towards completion of the crime." If Petitioner had been aware of these factors he would not have signed the plea agreement as it stood.

C. **Ground 3 - Vindictive Prosecution/Prosecutorial Misconduct**

1) The prosecution indicted Petitioner with a baseless charge of Exploitation of a Minor which he construed as a vindictive action as well as coercive tactics to convince Petitioner to plead to the lesser charge of Coercion of a Minor which was also a fraudulent charge.

5

    2) Prosecution agreed to recommend a minimum sentence at Petitioner's sentencing hearing presenting a false sense of co-operation. At sentencing the Prosecution showed bad faith by arguing fervently over a baseless 8 point enhancement which would have raised Petitioner's Advisory Guideline range well above the agreed upon minimum.

    3) The Prosecution, after playing along with Petitioner's attorney in regards to substantial assistance, had refused to grant a Rule 35(b) motion for downward departure with disregard to the DEA's stance that Petitioner's assistance **WAS** substantial. This showed bad faith on the part of the government and bias with regard to the Prosecutor.

    4) Throughout the process the prosecution had engaged in vindictiveness and misconduct and a lack of good faith that had dictated the course of the entire criminal proceedings.

D. **Ground 4** - Crime Doesn't Meet Statutory Requirements

    1) 18 USSC § 2422(b) requires that the Defendant **KNOWINGLY** committed the crime which by definition requires culpable intent.

    2) Substantial Step toward completion of the offense must be established and determined not to have been "hot air" or the enacting of fantasy

     by both parties.

  3) The definable terms brought about by 2422(b) require the altering of the minor's mindset or the subverting of their will.

E. <u>Ground 5</u> - **Double Jeopardy**

  1) "Use of Computer" enhancement is unconstitutional and not valid as the statute itself requires "facility or means of Interstate Commerce" which they have defined as a computer.

F. <u>Ground 6</u> - **Warrants Illegally Obtained**

  1) The original criminal complaint was a phone call in regards to an individual. Petitioner was not charged in regards to this individual, but from the conclusion of a phishing expedition after no criminal activity was found in regards to the original complaint. Once it was determined that nothing criminal occurred, there was no probable cause to continue searching through Petitioner's Facebook account. This is a Fourth Amendment violation as a broad spectrum warrant on Petitioner's Facebook conversations was unreasonable.

G. <u>Ground 7</u> - **Mandatory Minimum should have had downward departure**

  1) As it stands, Petitioner's Advisory Guidelines are at the range of 87 to 108 months and with mitigating

factors should have been applicable in place of the mandatory minimum.

## CONCLUSION

Petitioner prays that the Court grant the relief requested.

Respectfully submitted,

*Dylan Allen Jeffries*
Dylan Allen Jeffries
(Petitioner)

Dylan Allen Jeffries
Reg. # 86901-083
Federal Correctional Complex
Petersburg - LOW
P.O. Box 1000
Petersburg, VA    23804

## CERTIFICATE OF SERVICE

I swear under the penalty of perjury that I have mailed and served a copy of the foregoing Supplemental Pleading to Initial 2255 Motion on the Clerk of the Court, U.S. District Court for the Eastern District of Virginia to forward on my behalf to all interested parties in this cause.

On this 11th day of July, 2017, in Petersburg, Virginia, 23804.

*Dylan Allen Jeffries*
Dylan Allen Jeffries
(Petitioner)

Dylan Allen Jeffries
Reg. # 86901-083
Federal Correctional Complex
Petersburg - LOW
P.O. Box 1000
Petersburg, VA   23804



Dylan Allen Jeffries (86901-083)
Federal Corr[ectional]
P.O. Box 10[00]
Petersburg, VA 23804

86901-083
Us District Court
Eastern District of VA
600 Granby ST
Clerk of Courts
Norfolk, VA 23510
United States

FCI PETERSBURG
P.O. BOX 90026
PETERSBURG VA 23804

DATE: JUL 12 '17 ex12:04

The enclosed letter ... through special mailing
... letter has neither
...ter raises a question
...isdiction you may
...ation or
...pondence for
...return the enclosure